IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

JACOB WORLEY, )
)
    Plaintiff, )
)
vs. )
) **01CV0082B** (J)
ANN M. VENEMAN, SECRETARY OF )
AGRICULTURE OF THE UNITED STATES, )
)
    Defendant. )

FILED
FEB - 5 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT
(JURY TRIAL DEMANDED)

COMES NOW the Plaintiff, Jacob Worley, and for his Complaint against the Defendant, alleges and states as follows:

1. On or about June 25, 1996 Plaintiff submitted an application for employment as a soil conservationist with the Natural Resources Conservation Service in Oklahoma.

2. Despite Plaintiff's exceptional rating score, education and experience he was not placed on an eligibility list and was not selected for hire.

3. On October 25, 1996, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that he had not been hired for racially discriminatory reasons.

4. On December 5, 1996 a certificate of eligibles was issued for a soil conservationist job in Holdenville, Oklahoma. Plaintiff's name appeared on the certificate as the second highest ranked candidate.

5. Plaintiff was not offered the position but two other persons with lower rankings were offered the position. Neither of the lesser qualified persons accepted the position. After the two

other persons declined the position, the Defendant failed to offer the position to the Plaintiff.

6. In April of 1997, Plaintiff began working as a volunteer soil conservationist at the Department's Muskogee, Oklahoma office. In the course of his volunteer activities, the Plaintiff made presentations to farmers and high school groups regarding soil conservation and worked directly with other staff members of the Department. The Plaintiff was not criticized for his performance.

7. On May 21, 1997, another certificate of eligibles was issued for three separate vacancies. Plaintiff's name was included in the top four names but he was not selected for either position.

8. Defendant's stated reason for failing to hire Plaintiff in both instances was that the Plaintiff had a "bad attitude" because he had complained about the department's hiring practices and threatened legal action for the department's discriminatory practices. And, in fact, Plaintiff was not selected for hire because he had filed a complaint with the EEOC alleging discrimination in the Defendant's hiring practices.

9. The Defendant failed to follow its own hiring practices in refusing to select the Plaintiff for employment.

10. The Defendant's actions in refusing to select the Plaintiff were in violation of the merit system principles and regulations set forth in the provisions of the Civil Service Reform Act of 1978 and regulation promulgated thereunder.

11. On or about the first week of October, 2000, the Defendant offered the Plaintiff a position as a soil conservationist. The position offered was more than 450 miles from Plaintiff's home. The Defendant offered the position to the Plaintiff under the belief that the Plaintiff would not accept it and in an attempt to diminish Plaintiff's claim which was pending before the Equal Employment Opportunity Commission.

12. The Defendant's act of offering the Plaintiff the position was contrary to its own previous statements that the Plaintiff would not be an appropriate employee because of his "bad attitude."

13. As a result of the conduct of the Defendant, the Plaintiff has sustained damages including but not limited to lost wages and emotional distress in a sum in excess of $10,000.00.

14. The conduct of the Defendant as complained of herein was wanton, willful and malicious such that the Defendant should be punished by way of example.

15. An appeal is currently pending before the Equal Employment Opportunity Commission. The appeal involves the issues alleged herein and has been pending for more than 180 days. The Plaintiff shall notify the EEOC in writing of the pendency of this civil action after the filing of this Complaint.

WHEREFORE, premises considered, the Plaintiff respectfully requests the Court enter judgment in favor of the Plaintiff and against the Defendant for actual damages in an amount in excess of $10,000, prejudgment interest, costs, attorney fees and such other and further relief the Court may deem just and proper or as provided by applicable law.

**JURY TRIAL DEMANDED**

Respectfully submitted,

RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS

By: _____
James R. Polan, OBA #12,441
Robert P. Skeith, OBA #16307
502 West 6th Street
Tulsa, Oklahoma 74119-1010
(918) 587-3161
Attorneys for Plaintiff